**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEE CAMPANELLA, aka DAVID M. MCCRARY,

Plaintiff-Appellant,

v.

UTAH COUNTY JAIL; STATE OF UTAH; UTAH STATE PRISON; CHURCH OF JESUS CHRIST LATTER-DAY SAINTS; C.U.C.F. MEDICAL DEPARTMENT; GUNNISON VALLEY HOSPITAL; UNITED STATES OF AMERICA,

Defendants-Appellees.

Nos. 02-4183, 02-4215, 02-4235

(D. Utah)

(D.C. Nos. 02-CV-429-DAK; 02-CV-427-B; 02-CV-953-JTG)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to decide this case on the briefs without oral argument. *See* Fed. R.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Dee Campanella, a state prisoner appearing pro se, has filed the following actions in district court: (1) two civil rights actions under 42 U.S.C. § 1983 (Nos. 02-4235 and -4215); and (2) a petition for relief under 28 U.S.C. § 2254 (No. 02–4183). Mr. Campanella sought to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 for each action.

A. <u>Nos. 02-4235 and 02-4215</u>

In the § 1983 actions, the district court granted Mr. Campanella leave to proceed IFP. Mr. Campanella was unable to provide the court-ordered certification and sought an extension of time. The district court denied this request, and also noted that Mr. Campanella had not complied with the court's order to pay his initial partial filing fee and to submit a consent to collection of the filing fee from his prison account. The district court dismissed the actions without prejudice.

The court also ordered Mr. Campanella to certify that he had exhausted his claims in the jail grievance system. In Case No. 02-4235, the court stated that it "received a copy of a letter from the prison grievance coordinator stating that Plaintiff has not exhausted his administrative remedies." Case No. 02-4235 Rec.

doc. 7, at 1 (Dist. Ct. Order, filed Nov. 1, 2002). The court rejected Mr. Campanella's request for an extension of time to complete the grievance process. In Case No. 02-4125, the court noted that Mr. Campanella had failed to certify that he had exhausted his administrative remedies.

We exercise jurisdiction under 28 U.S.C. § 1291 and affirm. We review the district court's "without prejudice" dismissal for an abuse of discretion. *Cf. Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (dismissal of frivolous action reviewed for abuse of discretion). We review de novo the district court's finding of failure to exhaust administrative remedies. *Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000) ("We review de novo a dismissal pursuant to section 1997e(a)."), *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001). Since Mr. Campanella is pro se, we liberally construe his filings. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam).

Because Mr. Campanella received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice. Having found dismissal appropriate, we need not review Mr. Campanella's failure to exhaust his administrative remedies. The procedural posture of this case does not permit this court to consider the merits of Mr. Campanella's claim that his civil rights were violated.

As to Mr. Campanella's outstanding motion to proceed IFP in this court in No. 02-4235, that motion is denied.

B. No. 02-4183

In the action filed under § 2254, the district court denied Mr. Campanella's motion to proceed IFP after noting that he had sufficient funds to pay the $5.00 filing fee. Mr. Campanella did not pay the fee but sought an extension of time in which to pay the fee. The district court dismissed the action without prejudice. Mr. Campanella also seeks to proceed IFP in this action.

Before this court, Mr. Campanella seeks a certificate of appealablility ("COA") so that he may appeal the federal district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1034. After careful

-4-

review of the record, we conclude the requirements for issuance of a COA have not been met.

Mr. Campanella's appeal of the district court's dismissal without prejudice for failure to pay the $5 filing fee is frivolous. We deny Mr. Campanella's request for a COA and deny his motion to proceed IFP.

<u>CONCLUSION</u>

We order Mr. Campanella to immediately pay any unpaid costs and fees due this court for these appeals. In Case Nos. 02-4235 and 02-4215, we affirm the district court's dismissal without prejudice. In Case No. 02-4183, we reject Mr. Campanella's application for a COA and dismiss the matter.

We also note that the court filing records indicate Mr. Campanella is at, or perhaps has passed, the "frequent filer" threshold for purposes of 28 U.S.C. § 1915(g), which will submit him to prepayment of all filing fees before the federal courts may consider his civil actions and appeals. *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998). All outstanding motions are denied.

Entered for the Court,

Robert H. Henry
Circuit Judge

-5-