UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GEORGE EDWIN FLORENCE,

       Plaintiff - Appellant,

v.

LYNN M. DECKER; DAWN M.
PETERSON; JORGE L.
SALLABERRY; RICHARD C.
GAMUAC; JUDY PAULICH;
ANGELA R. YORK; JOANNE
SMILEY, JANE DOE: JOHN DOE;
PARKVIEW MEDICAL CENTER,

       Defendants - Appellees.

No. 05-1290

D. Colorado

(D.C. No. 05-cv-383-ZLW)

ORDER AND JUDGMENT[*]

Before **HARTZ**, Circuit Judge, **BARRETT**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judges.

---

[*]After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

George Edwin Florence filed a civil rights complaint under 28 U.S.C. § 1983 against the Parkview Medical Center and various medical-center personnel after he allegedly slipped and fell on a slick floor while incarcerated at the Federal Correctional Institution in Florence, Colorado. His complaint asserts 14 claims.

On March 1, 2005, the magistrate judge granted Mr. Florence's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 and ordered Mr. Florence to pay an initial $8.00 filing fee within 30 days or show cause why he could not pay it. The order warned that failure to comply would result in dismissal without further notice. On April 1, 2005, Mr. Florence submitted to the court a copy of his request to the Bureau of Prisons to have funds withdrawn for the initial fee. On April 6, 2005, the magistrate judge granted Mr. Florence an additional 30 days to pay the initial fee or to show cause why he was unable to do so. No response was received, and on May 17, 2005, the complaint was dismissed without prejudice.

On June 3, 2005, Mr. Florence filed a motion to reconsider indicating that he could not pay the filing fee because his prisoner account was already encumbered with debt owed to the prison. The motion also asserted that a lockdown was instituted at the prison on April 30, 2005, although he does not claim that it prevented him from communicating with the court. Because the

motion to reconsider was filed more than 10 days after the case was dismissed, the court construed it as a Rule 60(b) motion, found that Mr. Florence had not identified any extraordinary circumstances justifying relief under Rule 60(b), and denied the motion. The defendant filed a notice of appeal and requested leave to proceed *in forma pauperis*. The district court denied the request because "plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." R. Doc. 28.

We review for abuse of discretion the district court's dismissal without prejudice for failure to comply with a court order. *See Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Although Mr. Florence raises several arguments concerning the constitutionality of certain prison policies regarding his prison financial account, the only issue properly before us is whether the district court abused its discretion in dismissing his complaint without prejudice for failing to pay, or to show cause why he could not pay, the initial $8.00 filing fee as ordered by the court. We note that although the dismissal was without prejudice, it is clear that the district court was dismissing the entire action and not just the complaint. It was therefore a final order subject to appeal. *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994)

We hold that the district court did not abuse its discretion. Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal for failure to comply with

an order of the court. Fed. R. Civ. P. 41(b). When a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria." *Mobley*, 40 F.3d at 341; *see Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). Those criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted). But we have never set forth factors to be considered when the dismissal is *without* prejudice, and there are good reasons why the *Ehrenhaus* factors should not apply. Dismissal with prejudice is an extreme sanction that "defeats altogether a litigant's right to access to the courts . . . ." *Id* at 920 (internal quotation marks omitted). By contrast, dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint. To be sure, it can be an extreme sanction if the statute of limitations bars refiling. This court has held that in such circumstances the district court "must explain why it imposed the extreme sanction of dismissal." *Woodmore v. Git-n-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986); *see also Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (dismissal without prejudice when statute of limitations has run is an extreme sanction which should only be used when lesser

sanctions would not serve interests of justice). But when the plaintiff is free to refile, no permanent consequences attach to the dismissal.

The civil rights violations alleged by Mr. Florence began on August 16, 2004, when he slipped and was injured. The statute of limitations has not run and Mr. Florence is free to refile. *See Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993) (applying two-year statute of limitations to § 1983 actions in Colorado). Dismissal without prejudice was appropriate under the circumstances. Even using the *Ehrenhaus* factors as a guide, we note that Mr. Florence suffers little prejudice as a result of the dismissal and that he was fully warned of the possibility of dismissal for failure to comply with the order to show cause. There was no lesser sanction available under the circumstances (it would have been pointless to impose a financial sanction), and Mr. Ehrenhaus has not shown that he was unable to comply with the court's order. Finally, the sanction was appropriate to avoid interference with the judicial process. The Prison Litigation Reform Act requires payment of an initial filing fee. 28 U.S.C. § 1915(b). "These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby*, 351 F.3d at 1327 (internal quotation marks omitted). The burden of prisoner litigation makes it necessary for district

courts to require prisoners to pay filing fees or show cause why they cannot be paid.

We AFFIRM the judgment of the district court and DENY the motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge