**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN E. LEMONS,

      Plaintiff-Appellant,

v.

K.C. MO. POLICE, BOARD OF
COMMISSIONERS; DET. REED;
RAMONA LEWIS; TACO BELL IN
COUNTY OF CLAY, MO; CLAY
COUNTY SHERIFF DEPARTMENT,
two unknown det. who tried to make
me sign the three year
plea-bargain...from the K.C. MO
Police Department,

      Defendants-Appellees.

No. 05-1254
(D.C. No. 05-cv-00626-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY,** and **HENRY**, Circuit Judges.

---

    [*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant John E. Lemons, appearing pro se, filed a complaint in the district court against various state officials and Taco Bell. The district judge ordered Mr. Lemons to submit his motion to proceed in forma pauperis (IFP) on the proper form within thirty days. Mr. Lemons filed with the district court a "Motion for Appeal and Mistrials," in which he claimed he was granted leave to proceed pursuant to 28 U.S.C. § 1915 in Clay County, Missouri. As a result, the district court denied Mr. Lemons's claim for IFP status and dismissed his complaint without prejudice. This appeal followed.

## I. Discussion

Section 1915(a) states that a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." See also Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that section 1915(a) applies to all persons applying for IFP status). Thus, "to succeed on a motion to proceed IFP, the movant *must* show a financial inability to pay the required filing fees." Id. (emphasis added.) The district court does not abuse its discretion in denying IFP status for failure to fill out the proper forms or to otherwise provide the district court with the requisite information. See id. at 1313. Mr. Lemons did not fill out the proper

forms in this case despite the district court's previous order directing Mr. Lemons to "file *on the proper, Court-approved form* a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915." Accordingly, the district court correctly dismissed Mr. Lemons's complaint without prejudice.

While the denial of leave to proceed IFP is itself a final, appealable order over which we have jurisdiction, <u>Roberts v. U.S. Dist. Ct.</u>, 339 U.S. 844, 845 (1950) (per curiam), dismissal of a complaint without prejudice is generally not final or appealable, <u>Amazon, Inc. v. Dirt Camp, Inc.</u>, 273 F.3d 1271, 1275 (10th Cir. 2001). "The critical determination as to whether an order is final is whether plaintiff has been effectively excluded from federal court under the present circumstances." <u>Id.</u> (quotations, alteration omitted). Mr. Lemons has not been effectively excluded from federal court.

According to the district court order denying his request for IFP status and dismissing his complaint *without prejudice*, Mr. Lemons may initiate a new action by 1) refiling his complaint and 2) paying the $250.00 filing fee required under 28 U.S.C. § 1914 *or* submitting a completed motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, which, along with the instructions for the form, can be found in the District Court for the District of Colorado's Guide for Filing a Civil Suit. We therefore lack jurisdiction to consider the merits of Mr. Lemons's complaint.

## III. Conclusion

We therefore DISMISS his appeal.  We conclude that Mr. Lemons has provided this court with sufficient information to ascertain his financial status and therefore GRANT his motion for leave to proceed on appeal pursuant to § 1915.[1]

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1] Because we are dismissing this appeal, we also DISMISS as moot any other requests contained in Mr. Lemons's motion pursuant to Fed. R. Civ. P. 9.