**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALVIN GARY BROWN,

      Plaintiff - Appellant,

v.

BRANDON BECK, O.P.D.; FNU
McGUIRE, O.P.D.; WEBER
COUNTY ATTORNEY'S OFFICE,

      Defendants - Appellees.

No. 06-4088
(D.C. No. 1:05-CV-138-DS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

      Plaintiff-Appellant Alvin Brown, appearing pro se, appeals the district

court's decision dismissing his civil rights action without prejudice because

Brown failed either to pay an initial partial filing fee or to show why he could not

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

do so.[1]  Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm that dismissal.

## I.    BACKGROUND

Brown, who is incarcerated in Utah, filed a complaint alleging civil rights claims under 42 U.S.C. §§ 1983 and 1985 against two Ogden, Utah police officers and the Weber County Attorney's Office.  The filing fee for pursuing such an action is $250.  See 28 U.S.C. § 1914(a).  Brown applied to pursue this action in forma pauperis ("IFP") under 28 U.S.C. § 1915.

Section 1915(a)(1) provides that "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees . . . ."

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees . . . , in addition to filing the affidavit under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).  In applying to proceed IFP in this case, Brown appears to have submitted this required documentation.

---

[1]We grant Brown's application to pursue this appeal in forma pauperis.  See 28 U.S.C. § 1915(a).

Section 1915(b) further provides that

(1) [n]otwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial filing fee of 20 percent of the greater of –

> (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

> . . . .

(4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no means by which to pay the initial partial filing fee.

Pursuant to § 1915, the district court, on November 4, 2005, granted Brown's application to pursue his civil rights action IFP, but ordered that Brown pay an initial partial filing fee of fifty-three cents. The district court notified Brown that, "[i]f this initial partial fee is not paid within thirty days, or if Plaintiff has not shown he has no way to pay it, the complaint will be dismissed." In addition, the district court ordered that "Plaintiff shall make the necessary arrangement to give a copy of this Order to the inmate funds accounting office or

3

other appropriate office at Plaintiff's correctional facility;" required Brown to "complete the consent to collection of fees" form the court sent Brown; and then directed Brown to submit that form "to his correctional institution's inmate funds accounting office and also submit a copy of the signed consent to this Court within thirty days from the date of this Order or the complaint will be dismissed."

Brown did execute and return to the district court the "consent to collection of fees" form just over two weeks later. But he never paid the initial fifty-three-cent partial filing fee. Therefore, the district court, on January 13, 2006, almost two months after its initial fee order, ordered "that Plaintiff must within thirty days show cause why his case should not be dismissed for failure to pay his initial partial filing fee." Brown never responded to that show cause order. After waiting two more months, the district court on March 7, 2006, dismissed Brown's complaint without prejudice. Brown immediately responded to the dismissal, asserting that he had not received the district court's "letters" and further indicating that he only had thirty-three cents in his account, so he could not pay the fifty-three-cent partial filing fee. The district court treated Brown's response objecting to the dismissal as a motion for reconsideration, but denied Brown relief after concluding he had failed to assert a reasonable justification for failing to respond to the district court's earlier orders. Brown now appeals the district court's decision dismissing his complaint without prejudice.

4

## II.    ISSUES

### A.    Whether this court has jurisdiction to consider this appeal.

We must first satisfy ourselves that we have jurisdiction to consider this appeal. See Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1274 (10th Cir. 2001). A district court's decision dismissing an action without prejudice is not always a final, appealable order. See id. at 1275. "The critical determination" is whether the decision "effectively excluded" the plaintiff from federal court under "the present circumstances" of the case. Id. (quotation omitted). In this case, we conclude the district court's decision is a final, appealable order. See Florence v. Decker, 153 F. App'x 478, 478 (10th Cir. Oct. 28, 2005) (unpublished) (holding decision dismissing civil rights action without prejudice because plaintiff failed to pay initial $8 filing fee was a "final order subject to appeal"); see also Taylor v. Delatoore, 281 F.3d 844, 846-47 (9th Cir. 2002) (reviewing decision dismissing action without prejudice because plaintiff failed to pay initial partial fee).

### B.    Whether the district court abused its discretion in dismissing Brown's action without prejudice.

This court reviews the district court's decision to dismiss Brown's action without prejudice for an abuse of discretion. See Florence, 153 F. App'x at 479-80. The district court can, under Fed. R. Civ. P. 41(b),[2] dismiss an action

_____

[2]Rule 41(b) provides that

(continued...)

5

because the plaintiff fails to comply with a court order. See Florence, 153 F. App'x at 479-80 (reviewing district court's order dismissing action without prejudice because plaintiff failed to pay initial partial filing fee). In this case, we cannot say that the district court abused its discretion in dismissing Brown's civil rights action without prejudice.

Before a district court can dismiss a prisoner's action for failing to comply with a fee order under the Prisoner Litigation Reform Act, the court must at least give the prisoner an adequate opportunity to comply. See Redmond v. Gill, 352 F.3d 801, 803-04 (3d Cir. 2003). The district court did that in this case. The district court twice provided Brown with notice that he risked dismissal of his case if he did not either pay the initial partial filing fee or explain why he could not do so. Further, the district court gave Brown thirty days from each of its orders to respond, and did not actually dismiss this action for two months after its show cause order. See Campanella v. Utah County Jail, 78 F. App'x 72, 73 (10th Cir. Oct. 10, 2003) (unpublished) (holding district court did not abuse its discretion in dismissing action without prejudice because plaintiff failed to pay

---

[2](...continued)
[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

6

filing fee where plaintiff received adequate notice of IFP requirements and had sufficient time to cure any deficiencies).

Brown asserts that he never received this show cause order,[3] although he does not claim that the district court erred in the manner in which the court mailed this order–i.e., he does not assert the court sent it to the wrong address. See Nixon v. Brooks, 242 F.3d 389 (Table) (10th Cir. Dec. 27, 2000) (unpublished) (denying Fed. R. Civ. P. 60(b) relief from judgment dismissing action without prejudice, even though plaintiff asserted he never received court's in forma pauperis order, where district court had mailed that order to the address plaintiff had given court). Rather, Brown asserts that the district court's order got mixed up with another inmate's mail at the prison, and that this other inmate discarded the order. The district court did not deem this a "reasonable justification" for Brown's failure to respond to the district court's orders in a

---

[3]Brown specifically alleges that he did not receive the district court's "letter." It is not completely clear whether by "letter" he means the district court's initial order granting IFP or the later show cause order. It appears, however, that Brown did receive the original fee order because he responded to it. That order granted IFP and directed Brown to execute and return to the court a form consenting to the withdrawal of funds from his prison account, as well as ordering Brown to pay fifty-three cents as an initial partial filing fee. Brown executed and returned the consent form to the district court within two weeks of the court's fee order. Further, in his objections to the district court's decision dismissing his case, Brown refers to his having previously obtained IFP status. This indicates that he must have received the district court's original fee order. Therefore, we presume that Brown is asserting on appeal that he did not receive the later show cause order.

7

timely manner.  We cannot deem that an abuse of discretion.

Even assuming Brown did not receive the show cause order,[4] he still received the district court's original fee order, which specifically required Brown to pay the fifty-three-cent initial partial filing fee or explain why he could not do so within thirty days of that order.  Further, that order gave him adequate notice that he risked the dismissal of his case if he did not timely comply with that order.  Brown has failed to establish that could not have responded to that order.  For these reasons, we cannot conclude that the district court abused its discretion in dismissing Brown's action without prejudice.

We further note that "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint."  Florence, 153 F. App'x at 480.  Thus, Brown can initiate a new action by refiling his complaint and either paying the full filing fee at the start of the litigation or successfully applying to proceed IFP and then complying with the district court's fee orders.  See Lemons v. K.C. Mo. Police, 158 F. App'x 159, 160 (10th Cir. Dec. 13, 2005) (unpublished); House v. Utah, 129 F. App'x 432,

---

[4]Brown did not submit any evidence to the district court in support of his claim that he did not receive the district court's show cause order, other than his conclusory assertion in two unsworn letters that he did not receive that order.  Cf. Gurung v. Ashcroft, 371 F.3d 718, 722 (10th Cir. 2004) (holding pro se asylum applicant had failed to show he did not receive notice of hearing, where he asserted only his conclusory statement that he did not receive it, and he did not put that assertion in "proper affidavit form for receipt as evidence").

8

434 (10th Cir. Apr. 21, 2005) (unpublished).

## III.    CONCLUSION

For these reasons, we AFFIRM the district court's decision dismissing Brown's civil rights action without prejudice.  Further, we remind Brown of his continuing obligation to make partial payments until the full amount of his appellate filing fee is paid.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

9