**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT BODISON,

       Plaintiff - Appellant,

v.

NURSE PRACTIONER BOYD,
Centennial Correctional Facility,

       Defendant - Appellee.

No. 12-1049
(D.C. No. 1:11-CV-03126-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

       Plaintiff-Appellant Robert Bodison appeals the dismissal of his civil rights case.

We affirm.

## I. BACKGROUND

       Bodison, an inmate in the Colorado Department of Corrections, filed a 42 U.S.C.

---

       * After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1983 civil rights action challenging the conditions of his incarceration.[1]  The district court granted Bodison's motion to proceed in forma pauperis ("IFP"), which enabled Bodison to proceed without prepayment of the full $350 filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  The district court then ordered Bodison, within thirty days, to have a partial initial filing fee of $29 sent to the court clerk "or show cause why he has no assets and no means by which to pay the designated initial partial filing fee."  (R. at 27-28.)  The court further directed Bodison "to make the necessary arrangements to have one copy of th[e] [fee] order attached to the payment in the amount of the designated initial partial filing fee."  (Id. at 28.)  The order warned Bodison that if he did not show cause or have the partial initial filing fee sent to the clerk of the district court, the court would dismiss Bodison's case without further notice.

Within the next thirty days, the court received from Bodison a copy of the court's fee order, but no partial fee payment.  The district court waited another thirty days, without receiving any further communication from Bodison, and then dismissed his "complaint and the action" without prejudice pursuant to Fed. R. Civ. P. 41(b).[2]  (R. at

---

[1] Bodison alleges that a prison doctor directed that Bodison's prison meals be modified in light of his celiac disease and food allergies, but that a prison nurse practitioner, Defendant Boyd, later cancelled those modified meals, to the detriment of Bodison's health.

[2] Rule 41(b) provides, in pertinent part, the following:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

30-31.) Bodison challenges that dismissal here[3].

## II. JURISDICTION

Although the decision to dismiss a case without prejudice may not always be a final, appealable order, it is in this case because the district court expressly dismissed Bodison's action. See Moya v. Schollenbarger, 465 F.3d 444, 448-50 (10th Cir. 2006); see also Bergman v. Kiefer, 335 F. App'x 720, 721 & n.1 (10th Cir. 2009); Vega v. Lappin, 332 F. App'x 520, 521-22 & n.2 (10th Cir. 2009). Therefore, we have jurisdiction under 28 U.S.C. § 1291 to consider this appeal.

## III. ANALYSIS

We review the district court's decision to dismiss Bodison's case for an abuse of discretion. See Brown v. Beck, 203 F. App'x 907, 909 (10th Cir. 2006) (unpublished). The district court abuses its discretion if it commits legal error, relies on clearly erroneous facts, or applies the law to the facts irrationally. See House v. Utah, 129 F. App'x 432, 434 (10th Cir. 2005) (unpublished). Bodison does not argue that the district court abused its discretion in any of these ways.

Instead, Bodison asserts that he had a reasonable excuse, one he apparently never asserted to the district court, for why the court never received his initial partial fee payment: he requested that prison officials send the $29 initial partial filing fee to the court clerk, but prison officials failed to do so. Bodison supports his assertion with a copy of the prison form he completed requesting a money order from prison officials in

---

[3] We GRANT Bodison's motion to proceed on appeal IFP, without prepaying the filing fee. See 28 U.S.C. § 1915.

the amount of the initial partial filing fee. But, while Bodison may not have been able to control the actual disbursement of funds from his person account to the court clerk, he does not explain why he could not have checked, prior to the expiration of the thirty-day period in which he had to pay the partial filing fee and prior to the sixty days the district court waited before actually dismissing Bodison's case, to insure that prison officials actually disbursed those funds to the clerk court. The district court, therefore, did not abuse its discretion in dismissing Bodison's action.

In reaching this conclusion, we note that the district court's decision to dismiss Bodison's case without prejudice was not an extreme sanction because he can remedy the dismissal by initiating a new action and either paying the full filing fee for that case up front or successfully applying for and proceeding IFP. See Brown, 244 F. App'x at 910-11; Florence v. Decker, 153 F. App'x 478, 480 (10th Cir. 2005) (unpublished).

## IV. CONCLUSION

Because, for the foregoing reasons, the district court did not abuse its discretion in dismissed Bodison's case without prejudice, we AFFIRM that dismissal. Bodison is reminded that he must continue making partial payments of the filing fee for this appeal until he pays the entire fee in full.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

4