**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CORNELIUS HARRIS,

     Plaintiff - Appellant,

v.

TKC COZZA-RHODES; CAPTAIN
ERWIN; SARA M. REVELL;
JOHN/JANE DOE,

     Defendants - Appellees.

No. 16-1385
(D.C. No. 1:16-CV-00573-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Cornelius Harris is a federal prisoner appearing pro se.[1] Harris filed a petition

for a preliminary injunction and temporary-restraining order seeking injunctive relief.

The district court dismissed the petition without prejudice after Harris failed to cure

deficiencies within the time allotted by the district court. Harris now appeals.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Harris proceeds pro se, we construe his pleadings liberally, but we do not serve as his advocate. *Yang v. Archuletta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

## BACKGROUND

Because the district court's dismissal of Harris's petition turned on procedural deficiencies, we recount the proceedings in the district court. On March 8, 2016, Harris filed a petition in the district court, seeking a preliminary injunction and temporary-restraining order. The petition sought injunctive relief to prevent the warden and her officers from interfering with a hunger strike that Harris had undertaken to protest his transfer to the Federal Bureau of Prisons. On March 9, 2016, in response to Harris's petition, the district court issued an order directing Harris to cure specific deficiencies. The court instructed Harris to (1) file his claims on a court-approved form and (2) either submit a request to proceed without prepayment of fees under 28 U.S.C. § 1915, or pay the filing fee. The district court's order informed Harris that he had 30 days to cure these deficiencies, or else the court would dismiss his petition.

On March 17, 2016, Harris filed an amended petition. As with his initial petition, he again failed to use the court-approved form and failed to submit a request to proceed without payment of fees, or (in the alternative) pay the filing fee. On April 17, 2016, the district court issued a minute order finding that Harris "failed to comply with the March 9, 2016 Order to Cure as directed." *Minute* Order, Doc. 5, Vol. I at 23, Apr. 17, 2016. Still, the district court gave Harris an additional 30 days to cure the deficiencies and notified Harris that if he failed to comply, the court

2

would dismiss his action. The court also directed the Clerk of Court to send Harris court-approved forms for a Prisoner Complaint and a Prisoner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On April 25, 2016, Harris responded to the district court's minute order by sending a handwritten letter, written by another inmate on Harris's behalf. The letter explained that "Harris has been on suicide precautions in which he has been den[ied] access to pens, paper and any other material needed to respond to the court's order," and that Harris's arms were recently paralyzed by unnecessary tourniquets that prison officials had applied after Harris cut the arteries in both arms. *Response to Minute Order*, Doc. 6, Vol. I at 24-25, Apr. 25, 2016. On May 24, 2016, expressing concern for Harris's well-being, the court ordered the warden or her staff to submit a statement "addressing [Harris's] alleged inability to correspond with the Court (paralyzed hands) and denial of access to writing utensils and the proper Court-approved forms that he needs . . . to comply with the Court's March 9, 2016 Order to Cure Deficiencies." *Order*, Doc. 7, Vol. I at 28, 30, May 24, 2016. The court also reminded Harris that it had directed him to file his claims on a court-approved form and either pay the $400 filing fee in full or submit a request to proceed *in forma pauperis* ("*ifp*").

On June 10, 2016, the warden responded to the district court's concerns. The warden explained that Harris's wounds were self-inflicted and that prison officials had, for limited periods, denied Harris access to writing utensils for fear that he would harm himself. The warden also stated that Harris's hands were not paralyzed

3

and that he now had access to writing utensils and Court-approved forms. After receiving the warden's statement, the district court issued another order. The court directed Harris to comply with the March 9, 2016 Order, and gave Harris another 30 days to do so. And again, the court instructed the Clerk of Court to send Harris the necessary forms.

On July 18, 2016, Harris requested an extension to allow him to cure deficiencies. The warden filed a response stating that she "did not oppose a reasonable extension of time for the petitioner to comply with the Court's March 9, 2016 and June 21, 2016 Orders." *Response to Petitioner's Motion for Time Extension*, Doc. 21, Vol. I at 108, July 22, 2016. The court gave Harris another 30 days to comply. Then Harris requested that the court send him copies of all the petitions to allow him to cure deficiencies by giving the correct dates and accounts. In his request, Harris acknowledged that "on March 9, 2016, the Court entered an order directing the petitioner to cure deficiencies in that petition." *Request*, Doc. 23, Vol. I at 112, Aug. 5, 2016. The court directed the Clerk of Court to send Harris copies of his petitions and entered a docket order that "reminded" Harris "that he [was] required to cure by August 25, 2016, all deficiencies noted in the March 9, 2016 Order." *Minute Order*, Doc. 25, Vol. I at 118, Aug. 6, 2016.

On August 22, 2016, Harris used the court-approved prisoner complaint to file a second amended complaint. Though he complied with the court's order to use the prisoner-complaint form, he again failed to pay the filing fee or submit a prisoner's motion and affidavit for leave to proceed *ifp*.

4

On September 1, 2016, the court dismissed Harris' action. In the dismissal, the court reviewed the history of the action, noting that it had twice directed the Clerk of Court to provide Harris with the necessary forms and had given Harris three extensions. But, because Harris still failed to submit a "Prisoner's Motion and Affidavit for Leave to Proceed" in forma pauperis, or pay the $400 filing fee in the alternative, the district court dismissed the action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to cure the deficiencies and for failure to prosecute. *Order of Dismissal*, Doc. 27, Vol. I at 136-39, Sept. 1, 2016. The court entered judgment the same day.

## DISCUSSION

We review a dismissal for noncompliance with court orders for abuse of discretion, asking whether the district court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (internal brackets omitted) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991)). As the procedural history of Harris's petition shows, the district court did not abuse its discretion in dismissing Harris's case without prejudice. Harris repeatedly failed to comply with the court's orders after he was given many opportunities to do so.

Rule 41(b) provides: "If the plaintiff fails . . . to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." We have held that a district court may dismiss a case sua sponte under Rule 41(b). *See*

5

*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). And Rule 41(b) allows the district court to dismiss an action when a plaintiff fails to comply with a court order. *See Florence v. Decker*, 153 F. App'x. 478, 479-80 (10th Cir. 2005) (unpublished) (affirming district court's order dismissing action without prejudice because plaintiff failed to pay initial partial filing fee). In this case, we cannot say that the district court abused its discretion in dismissing Harris's petition without prejudice.

Before a district court can dismiss a prisoner's action for failing to comply with a fee order under the Prisoner Litigation Reform Act, "the court must at least give the prisoner an adequate opportunity to comply." *Brown v. Beck*, 203 F. App'x 907, 910 (10th Cir. 2006) (unpublished). Here, before dismissing the action, the district court issued five separate orders directing Harris to pay the fee or file a motion and affidavit to proceed without prepayment of the fee, and repeatedly extended the time for Harris to comply. *See Campanella v. Utah County Jail*, 78 F. App'x. 72, 73 (10th Cir. 2003) (unpublished) (holding district court did not abuse its discretion in dismissing action without prejudice because plaintiff failed to pay filing fee where plaintiff received adequate notice of IFP requirements and had sufficient time to cure any deficiencies).

Harris asserts that he never received a copy of the district court's March 9, 2016 Order, so he was unaware that the district court had ordered him to either pay the filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed. Harris referenced the March 9 Order in his August 5, 2016 Motion Requesting the Petitions

6

Filed in this Case to Cure Deficiencies, acknowledging that "on March 9, 2016, the Court entered an order directing the petitioner to cure deficiencies in that petition." *Request*, Doc. 23, Vol. I at 112. In that Request, Harris never asked the district court to send him a copy of the March 9 Order. *See id.* But even if we assume that Harris never received the district court's March 9, 2016 Order, other orders put him on notice that he needed to cure deficiencies. This includes the district court's April 17, 2016 Minute Order, to which Harris responded on April 25, and the district court's May 24, 2016 Order, directing Harris "to file the claims on a Court-approved form . . . and either pay the $400 filing fee in full or submit" a request to proceed *ifp*. *Order*, Doc. 7, Vol. I at 28, May 24, 2016; *see Brown*, 203 F. App'x at 910 (finding adequate notice after assuming that plaintiff never received one court order because he received another order notifying him of the complaint's deficiencies). Harris has failed to establish that he could not have responded to those orders. For these reasons, we cannot conclude that the district court abused its discretion in dismissing Harris's action without prejudice.

We further note that "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint." *Florence*, 153 F. App'x. at 480. Thus, Harris can initiate a new action by refiling his petition and either paying the full filing fee at the start of the litigation or successfully applying to proceed *ifp* and then complying with the district court's orders. *See*

*Lemons v. K.C. Mo. Police*, 158 F .App'x. 159, 160 (10th Cir. 2005) (unpublished);

*House v. Utah*, 129 F. App'x. 432, 434 (10th Cir.2005) (unpublished).[2]

## CONCLUSION

For these reasons, we AFFIRM the district court's decision dismissing Harris's action without prejudice.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] We also deny Harris *ifp* status on appeal. A party can request *ifp* status on appeal so long as he shows both a financial inability to pay and a reasoned, nonfrivolous argument, and follows the procedure mandated by Fed. R. App. P. 24(a)(5). *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007). But Harris has not shown the existence of a reasoned, nonfrivolous argument and so must be denied *ifp* status.