**UNITED STATES COURT OF APPEALS**

March 22, 2021

**TENCH CIRCUIT**

KEITH BRYAN WEBB-EL,

    Petitioner - Appellant,

v.

EXECUTIVE BRANCH OF THE
GOVERNMENT; J.A. BARNHART,
Warden of USP Florence, CO;
MICHAEL D. CARVAJAL, Director
of Federal Bureau of Prisons;
MERRICK B. GARLAND,* United
States Attorney General,

    Respondents - Appellees.

No. 20-1421
(D.C. No. 1:20-CV-02573-LTB)
(D. Colo.)

**ORDER AND JUDGMENT***

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

    After examining Keith Bryan Webb-El's written submissions and the

appellate record, this panel has determined unanimously that oral argument would

---

    *Pursuant to Fed. R. App. P. 43(c)(2) Merrick B. Garland is substituted for
William P. Barr, former Attorney General, as a respondent-appellee in this matter.

    **This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Webb-El appeals from an order of the district court dismissing his 28 U.S.C. § 2241 petition without prejudice under Fed. R. Civ. P. 41(b). Webb-El's district court filings underlying his § 2241 petition were deficient. Specifically, in his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, Webb-El failed to file a certified prison account statement. Likewise, the district court advised Webb-El that the only proper respondent in a § 2241 habeas corpus action was his current custodian. Webb-El was warned his petition would be dismissed without further notice if he failed to cure the deficiencies within the allotted time frame. When Webb-El failed to do so, the district court entered an order of dismissal on November 16, 2020, dismissing his § 2241 petition without prejudice. *See* Fed. R. Civ. P. 41(b).

This court reviews dismissals pursuant to Rule 41(b) for an abuse of discretion. *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). Notably, because the dismissal here was without prejudice, the district court was not required to consider the factors set out by this court in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the

plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.").[1]  Having reviewed Webb-El's appellate filings, the district court's order, and the entire appellate record, we conclude the district court did not abuse its discretion when it dismissed Webb-El's petition.  To the extent this court can decipher Webb-El's filings, he focuses exclusively on the merits of his petition, offering up absolutely no reason to think the district court acted arbitrarily, capriciously, or manifestly unreasonably in dismissing his petition for failure to comply with the district court's order.

The judgment of the district court dated November 16, 2020, dismissing Webb-El's petition without prejudice for failure to cure deficiencies is **AFFIRMED**.  Webb-El has also filed a motion seeking to proceed in forma

---

[1]This court is well aware that in certain circumstances even a dismissal without prejudice may bar refiling and, that in those instances, the extreme sanction of dismissal must be supported by reference to the *Ehrenhaus* factors. *See generally Florence v. Decker*, 153 F. App'x 478, 480 (10th Cir. 2005) (unpublished disposition cited solely for its persuasive value).  Here, however, it appears Webb-El has no viable § 2241 petition to file. *See Webb-El v. United States Parole Comm'n*, 795 F. App'x 578, 580-81 (10th Cir. 2019) (noting Webb-El has filed numerous § 2241 petitions challenging the validity of his federal murder and injury-to-a-child convictions—in both this circuit and others—and specifically informing Webb-El that such challenges must be made in the sentencing court in a 28 U.S.C. § 2255 motion).  Given Webb-El's history and the clear ruling set out in *Webb-El*, we specifically note it may be appropriate for either this court or the district court to consider filing restrictions should Webb-El again try to challenge his murder and injury-to-a-child convictions via a § 2241 petition.

-3-

pauperis on appeal. This court cannot grant his motion unless he is able to "show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). In light of the district court's clear and concise order and the absence of any reasoned argument in Webb-El's appellate brief, this court concludes Webb-El's appeal is frivolous. Accordingly, Webb-El's motion to proceed in forma pauperis and his emergency motion to appoint counsel are **DENIED**. Webb-El is reminded of his responsibility to immediately remit any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge