FILED
United States Court of Appeals
Tenth Circuit

June 3, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRITTANY CROWNHART,

Plaintiff - Appellant,

v.

ANNE MAGILL COLLINS,

Defendant - Appellee.

No. 21-1047
(D.C. No. 1:20-CV-03670-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Brittany Crownhart filed a pro se action against a nurse who allegedly

included false and/or private information on her hospital discharge paperwork,

claiming that this violated her rights under the Fourth Amendment and the Health

Insurance Portability and Accountability Act (HIPAA) of 1996, Pub. L. 104–191, 110

Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.). Although

Crownhart was not a prisoner and sought only monetary damages for relief, she

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a) and
10th Cir. R. 32.1(A).

purported to file this action as a habeas petition under 28 U.S.C. § 2241, which permits a person in custody to challenge a conviction or sentence. And she paid only the $5 filing fee for habeas petitions rather than the higher filing fee required for non-habeas civil actions. *See* 28 U.S.C. § 1914(a).

A magistrate judge concluded that Crownhart's filings were deficient because she had not used the proper form for her complaint, which sounded in malpractice rather than habeas, and she had neither paid the required filing fee for non-habeas actions nor applied to proceed without prepayment of fees.[1] Based on these deficiencies, the magistrate judge ordered Crownhart to "obtain and use the court-approved Complaint form, and either pay the $402 filing fee in full or file an Application to Proceed in District Court Without Prepaying Fees or Costs." R. 15. The magistrate judge provided her with contact information for a pro se clinic that might be able to assist her in this matter. And the magistrate judge warned her that the action would be dismissed without prejudice—and without further notice—if she did not cure the deficiencies within 30 days.

Over the next five weeks, Crownhart submitted various nonresponsive filings, such as a request for the hospital to be notified of the lawsuit. But she neither filed a complaint on the court-approved form nor addressed the filing-fee issue.

---

[1] The magistrate judge also observed that Crownhart's husband had been permanently enjoined from filing pro se actions without leave of the court and that the handwriting on the pleadings in this case appeared to be Crownhart's husband's handwriting. "Given these circumstances," the magistrate judge warned Crownhart of her need to comply with Rule 11 of the Federal Rules of Civil Procedure in submitting any filings to the court. R. 15.

Forty-two days after the magistrate judge issued his order, the district court dismissed the action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Crownhart's failure to comply with the magistrate judge's order. Crownhart then filed this appeal.

Rule 41(b) "permit[s] courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "We review such a dismissal for an abuse of discretion." *Id.* at 1204. And a district court does not abuse its discretion unless it "makes 'a clear error of judgment or exceed[s] the bounds of permissible choice in the circumstances.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (alteration in original) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir.1991)).

In her appellate briefing, Crownhart focuses on the merits of her underlying claims and the specifics of another hospital-related claim she wished to add to the complaint. She touches only briefly on the district court's dismissal order, arguing simply that the district court should have considered the merits of her complaint but erroneously "dismissed the case without proper cause to take the case serious[ly] when it was about HIPAA violations."[2] Aplt. Br. 4 (capitalization standardized).

---

[2] Crownhart raises only one other objection to the dismissal order, contending that the district court erroneously "denied all pending motions by the United States Court of Appeals" and thereby exceeded its authority. Aplt. Br. 4 (capitalization standardized). This argument misreads the district court's decision. The district court simply denied as moot the motions that Crownhart had previously filed in the district court; it did not purport to affect any motions that might be filed in this court.

Crownhart has not shown that the district court exceeded the bounds of permissible choice by dismissing this action. The magistrate judge informed her of the specific deficiencies in her pleadings, told her how to cure these deficiencies, warned her that the action would be dismissed if she did not cure the deficiencies within 30 days, and referred her to a resource for potential assistance. The nature and alleged merits of her claims did not excuse her from compliance. But she neither challenged the magistrate judge's order nor attempted to comply with it. Under these circumstances, the district court did not abuse its discretion by dismissing the action without prejudice. *Cf. Florence v. Decker*, 153 F. App'x 478, 480 (10th Cir. 2005) (unpublished) (holding that district court did not abuse discretion in dismissing civil action without prejudice for failure to pay filing fees because plaintiff "ha[d] not shown that he was unable to comply with the court's order"; noting that "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint").

We therefore affirm the district court's dismissal of the action without prejudice. And we deny Crownhart's motion to proceed in forma pauperis on appeal because she has not asserted "a reasoned, nonfrivolous argument" in support of her position. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court

Nancy L. Moritz
Circuit Judge

4