FILED
United States Court of Appeals
Tenth Circuit

June 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSE VEGA,

      Plaintiff - Appellant,

v.

LAPPIN, Chf. Director of Bureau of Prisons C.R.O.; NALLEY, Director of Bureau of Prisons N.C.O.; WATTS, Regional Counsel, Central Regional Office; FIELDS, Deputy Director, Regional Admin. Rem. Coord., N.C.O.; WILEY, Warden of ADX; LEANN, Executive Assistant at ADX; GARCIA, Admin. Rem. Coord. at ADX; CASSAMEADOR, Captain at ADX; ARROYO, Counselor at ADX; FLUKE, Case Manager at ADX; MACHAK, Teacher at ADX; SWIFT, Librarian at ADX; ARCO, Correctional Officer at ADX; ALLEN, Correctional Officer at ADX; BRUTUIS, Correctional Officer at ADX; COLLINS, Correctional Officer at ADX; DAVIS, Correctional Officer at ADX; GARRISON, Correctional Officer at ADX; HOLCOMB, Correctional Officer at ADX; JARBOE, Correctional Officer at ADX; JETT, Correctional Officer at ADX; LEE, Correctional Officer at ADX; DANNY MCCOLLOUGH, Correctional Officer at ADX; METHERELL, Correctional Officer at ADX; POTTER, Correctional Officer at ADX; SIDESINGER, Correctional Officer at ADX; SMITH, Correctional Officer at ADX; VADONNA,

No. 09-1019
(D.C. No. 08-cv-01571-ZLW)
(D. Colo.)

Correctional Officer at ADX;
BAILEY, Psychologist at ADX;
DUNLAP, Discip. Hearing Officer at
ADX; HAYGOOD, Counselor at
ADX; OTHERS UNKNOWN
EMPLOYED BY THE BOP; OTHERS
UNKNOWN EMPLOYED AT ADX,

      Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Jose Vega ("Vega"), a federal prisoner appearing <u>pro se</u>, appeals the district court's dismissal, without prejudice, of his <u>Bivens</u>[1] action. The district court dismissed the action on two grounds: that Vega's amended complaint failed to comply with the pleading requirements of Fed. R. Civ. P. 8; and that Vega, who was proceeding <u>in forma pauperis</u>, failed to comply with the requirements of 28 U.S.C. § 1915(b)(2). The district court also denied Vega's motion to proceed <u>in</u>

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

forma pauperis on appeal.  Exercising jurisdiction under 28 U.S.C. § 1291,[2] we affirm the dismissal of the action, deny Vega's motion to proceed in forma pauperis, and dismiss his appeal.

In his July 22, 2008, order granting Vega leave to proceed in forma pauperis before the district court, Magistrate Judge Boland ordered that Vega comply with the requirements of 28 U.S.C. § 1915(b)(2) by making "monthly payments of twenty percent . . . of the preceding month's income credited to his trust fund account."  (Magistrate's Order at 3.)  Judge Boland further ordered that if Vega were unable to make the required monthly payment, he must "show cause each month why he has no assets and no means by which to make the monthly payment."  (Id.)  In order thus to show cause, Vega was required to file, each month, "a certified copy of his trust fund account statement."  (Id.)  When he was able to make payments, Vega was further "directed to make the necessary arrangements to have each monthly payment identified by the civil action number on [the court's] order."  (Id.)  Finally, the order warned that if Vega did not

[2]"[T]hat a dismissal was without prejudice does not necessarily make it non-final under section 1291."  Moya v. Schollenbarger, 465 F.3d 444, 448 (10th Cir. 2006).  "Rather, in this circuit, 'whether an order of dismissal is appealable' generally depends on 'whether the district court dismissed the complaint or the action.  A dismissal of the complaint is ordinarily a non-final, non-appealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.'"  Id. at 448-49 (quoting Mobley v. McCormick, 40 F.3d 337, 339 (10th Cir. 1994)).  In this case, the district court dismissed "the complaint, the amended complaint, and the action."  (Order of Dismissal at 6 (emphasis added).)  Therefore, the dismissal is a "final decision[] of the district court[]" that we may review under § 1291.

comply with these § 1915(b)(2) requirements, his complaint would be "dismissed without further notice."  (Id.)

In dismissing Vega's <u>Bivens</u> action on the ground that he had failed to comply with the magistrate judge's July 22, 2008, order, and thus with the requirements of § 1915(b)(2), the district court explained that Vega had failed not only to make any monthly filing fee payments, but also to file certified copies of his inmate trust fund statement for any monthly period after September 21, 2008. Before this court, Vega argues that he did make certain required payments, pointing to copies of his trust fund account statement on which he has handwritten the words "PLRA PAYMENT" and "PLRA PAID" by several debt encumbrance listings.  (Aplt. Br. App. at 7-11.)  These handwritten notations–which Vega produces for the first time on appeal–simply do not suffice to meet the district court's direction that Vega "make the necessary arrangements to have each monthly payment identified by the civil action number" of his lawsuit.  (Magistrate's Order at 3.)

On the record before us, and for substantially the reasons articulated by the district court, we conclude that Vega's <u>Bivens</u> action was properly dismissed because of his failure to comply with the magistrate judge's order and the requirements of § 1915(b)(2).  Thus, we need not reach Vega's challenge to the dismissal on the ground that the amended complaint failed to comply with the pleading requirements of Fed. R. Civ. P. 8.

- 4 -

For the foregoing reasons, we affirm the district court's order of dismissal, deny Vega's motion to proceed <u>in forma pauperis,</u> and dismiss the appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge