FILED
United States Court of Appeals
Tenth Circuit

June 19, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GWEN BERGMAN,

     Plaintiff-Appellant,

v.

HOWARD O. KIEFFER,

     Defendant-Appellee.

No. 09-1024
(D.C. No. 1:08-cv-02334-ZLW)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Plaintiff-Appellant Gwen Bergman, a federal prisoner, filed a pro se claim

alleging that Defendant-Appellee Howard Kieffer had fraudulently misrepresented

that he was an attorney, that she had paid him more than $70,000 in legal fees,

and that his fraud had caused her to be inadequately represented in court. The

district court dismissed Ms. Bergman's claim because she failed to pay the

necessary filing fees or file a certified copy of her inmate trust fund account, as

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

required by 28 U.S.C. § 1915(a)(2) for any inmate attempting to proceed in forma pauperis. Ms. Bergman filed a motion for reconsideration, arguing that the prison officials had refused to certify her trust fund account statement and wrongly informed her that the lack of certification would not matter to the court. The court construed her motion as a Rule 60(b) motion for relief from the court's order of dismissal, and denied the motion, holding that Ms. Bergman had failed to demonstrate the sort of extraordinary circumstances necessary to warrant relief under Rule 60(b).

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that the district court abused its discretion by failing to grant Ms. Bergman's Rule 60(b) motion.[1] Accordingly we REVERSE the district court's denial of Ms. Bergman's Rule 60(b) motion, and REMAND the case for further proceedings consistent with this opinion.

## I. Background

Plaintiff-Appellant Gwen Bergman initiated the instant suit by filing a pro se complaint against Defendant-Appellee Howard Kieffer in October 2008. The

---

[1] This court has appellate jurisdiction over the district court's dismissal of this case even though the dismissal was without prejudice, because the district court dismissed the entire action, not just the complaint. See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1296 n.15 (10th Cir. 2008) ("A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.") (quoting Moya v. Schollenbarger, 465 F.3d 444, 448-49 (10th Cir. 2006)).

district court found that Ms. Bergman's complaint and motion to proceed in forma pauperis were deficient because they were filed on the wrong forms, and ordered Ms. Bergman to cure those deficiencies or her action and complaint would be dismissed without prejudice.  Ms. Bergman filed a new complaint in December 2008, in which she alleged that Defendant-Appellee Howard Kieffer fraudulently misrepresented that he was a licensed attorney, that this fraud caused her to be inadequately represented at her competency hearing before the court, and that, despite his lack of qualifications, Mr. Kieffer collected over $70,000 in attorney's fees for representing her in that case.[2]  The district court found that Ms. Bergman's new complaint and request to proceed in forma pauperis were filed within the 30 days the district court designated for curing the deficiencies in her initial complaint.  However, the district court found that Ms. Bergman's new request to proceed in forma pauperis was deficient because it did not include a certified copy of Ms. Bergman's "trust fund account statement for the six-month period immediately preceding" the filing of her complaint.  (Dist. Ct. Order at 2.) Despite the fact that the district court's earlier order to cure had not explicitly instructed Ms. Bergman to cure this particular deficiency, the court dismissed Ms. Bergman's action and complaint without prejudice.

---

[2] Mr. Kieffer was recently convicted of mail fraud for holding himself out to be a licensed attorney.  See United States v. Howard O. Kieffer, 1:08-cr-54 (Dist. N.D., Guilty Verdict Entered Apr. 15, 2009).

After the district court dismissed her case, Ms. Bergman filed a motion to reconsider, arguing that she had attempted to have her trust fund statement certified by "Counselor Coleman at Carswell Medical Center Texas," where Ms. Bergman was being held, but that Ms. Coleman refused to comply with her request. Ms. Coleman attached a certified copy of her trust account to that motion. The district court denied her motion for reconsideration, holding that Ms. Bergman had failed to show that her case raised the sort of "extraordinary circumstances" necessary in order to warrant reconsideration under Rule 60(b). The district court also denied Ms. Bergman's request to proceed in forma pauperis on appeal. Ms. Bergman appeals the district court's denial of her motion for reconsideration, and requests permission to proceed on appeal in forma pauperis.

## II. Discussion

The district court abused its discretion in denying Ms. Bergman's motion under Rule 60(b). See Smith v. United States, 561 F.3d 1090, 1097 n.8 (10th Cir. 2009) ("An order denying a postjudgment motion is reviewed for an abuse of discretion."). Although relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances," id. (citation and quotation omitted), "we have also stated that the rule should be liberally construed when substantial justice will thus be served," McGraw v. Barnhart, 450 F.3d 493, 504-05 (10th Cir.

2006) (citation and quotation omitted).  This court concludes that "substantial justice" would be served by granting Ms. Bergman's Rule 60(b) motion.

As a prisoner seeking to proceed in forma pauperis, Ms. Bergman had the duty to "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint or notice of appeal, <u>obtained from the appropriate official of each prison at which the prisoner is or was confined</u>."  28 U.S.C. § 1915(a)(2) (emphasis added).  Ms. Bergman represents that she requested the appropriate prison officials to certify her trust fund account statement, but the prison officials refused to comply and wrongly advised Ms. Bergman that the court did not require such certification.  In her motion for reconsideration, Ms. Bergman informed the district court of these facts, and cured any remaining deficiencies by filing a certified copy of her trust fund account.  On the basis of Ms. Bergman's representations, she was not at fault for failing to file a certified copy of her trust account.  Further, there was no prejudice to defendant from that failure, she timely tried to cure that defect, and the underlying claims are disturbing.  Therefore, we conclude that the district court abused its discretion by failing to grant Ms. Bergman's Rule 60(b) motion.  Cf. In re Cendant Corp. PRIDES Litigation, 235 F.3d 176, 180 (3rd Cir. 2000) (holding that district court abused its discretion in excluding class member's claim for failing to timely fail and denying class member's Rule 60(b) motion where class member failed to timely file because of the negligence or malice of

- 5 -

his mailroom employee, and the district court had failed to consider the factors for "excusable neglect" enumerated in Pioneer Inv. Serv. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993)).

This court also grants Ms. Bergman's motion to proceed in forma pauperis. The district court denied Ms. Bergman's motion to proceed in forma pauperis, and certified that the appeal was not taken in good faith. The statutory language appears to foreclose our ability to consider a request to proceed in forma pauperis in these circumstances. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). However, this court has previously held that "a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in [Fed. R. App. P.] 24(a)(5)". Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007). Ms. Bergman has complied adequately with the procedures set forth in Fed. R. App. P. 24(a)(5). Accordingly, this court will grant Ms. Bergman's motion to proceed in forma pauperis.

Finally, the court notes that the complaint fails to allege an appropriate basis for subject matter jurisdiction in federal court. In an apparent effort to invoke federal question jurisdiction, Ms. Bergman cited a number of federal statutes in her complaint, but none of those statutes applies to this case. Rather, it

appears that Ms. Bergman merely raises state law fraud claims, and that the federal courts will only have jurisdiction over this case if the parties are diverse, a fact that is not made clear in the pleadings.[3] This court therefore instructs the district court to give Ms. Bergman an opportunity to allege an appropriate basis for federal jurisdiction.

## III. Conclusion

For the foregoing reasons, this court GRANTS Ms. Bergman's motion to proceed in forma pauperis, REVERSES the district court's dismissal of this case, and REMANDS for further proceedings consistent with this opinion.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[3] The defendant, Mr. Kieffer, was recently convicted of mail fraud in North Dakota, so the court suspects that the parties are likely diverse. Further, the complaint seeks $170,000 in damages, so the amount in controversy requirement has also likely been met.