FILED
United States Court of Appeals
Tenth Circuit

**March 28, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

EARL JOSEPH LOOSE, a/k/a Earl
Joseph Crownhart,

Petitioner - Appellant,

v.

DANIEL C. KOGOUSEK; JOHN
SUTHERS, the Attorney General of
the State of Colorado,

Respondents - Appellees.

No. 11-1482

(D. Colorado)

(D.C. No. 1:11-CV-01634-LTB)

### ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Applicant Earl Joseph Loose (a/k/a Earl Joseph Crownhart), who is confined in a Colorado state mental institution, filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. The district court denied the application. Applicant seeks a certificate of appealability (COA) from this court to appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 application). We deny his application for a COA and dismiss the appeal.

## I.    BACKGROUND

Applicant was charged with menacing and criminal mischief, but a state court found him to be incompetent to proceed in the criminal case and committed him to the Colorado Mental Health Institute in Pueblo, Colorado.  Between June 22 and July 14, 2011, he filed four different § 2254 applications in district court, prompting the magistrate judge to direct him to file an amended application to consolidate all his claims.  Applicant apparently filed a consolidated pleading on August 5.  But on August 11 the magistrate judge entered an order finding the August 5 pleading to be illegible and unintelligible and directing Applicant to file within 30 days a second amended application that would satisfy the requirements of Fed. R. Civ. P. 8(a) (which were summarized in the magistrate judge's order) and would set forth specific facts to support each claim, *see* Advisory Committee Note, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).  The order stated that if Applicant did not file a second amended application as directed, the action would be dismissed without further notice.  Having received no further pleading or communication from Applicant, the district court on September 19 dismissed the application without prejudice.  The court did not issue a COA.

Applicant's COA application in this court does not address the propriety of the district court's dismissal. Perhaps it suggests a claim of improper forcible medication, but that claim cannot be divined in his district-court pleadings.

## II.   DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Because Applicant does not present any argument to challenge the district court's ruling, we have no ground to grant a COA. In any event, no reasonable jurist could disagree with the district court's order to amend an unintelligible application or its order dismissing the application when Applicant failed to comply with the prior order. *See Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006) (dismissal of a § 2254 application is proper if it is unintelligible).

## III.    CONCLUSION

We DENY Applicant's motion to proceed *in forma pauperis* and his application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge