FILED
United States Court of Appeals
Tenth Circuit

August 21, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

EARL J. CROWNHART,

        Petitioner - Appellant,

v.

JOHN SUTHERS, and
JAMES X. QUINN,

        Respondents - Appellees.

No. 13-1272
(D. Colorado)
(D.C. No. 13-CV-00959-LTB)

**ORDER**

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

In federal district court, Mr. Earl Crownhart filed a habeas petition,
invoking 28 U.S.C. § 2254. Noting facial deficiencies in the petition, the district
court ordered Mr. Crownhart to show cause why filing restrictions should not be
imposed. R. at 15, 19-20. In issuing this order, the court noted that Mr.
Crownhart had filed eighteen habeas petitions and seventeen complaints since
December 2005 and that all of them contained pleadings that were unresponsive
and unintelligible. *Id.* at 15-17. Mr. Crownhart says he responded, but the district
court record does not show a response. In the absence of a response filed in the
case, the district court dismissed the action, imposed filing restrictions, and denied

Mr. Crownhart's motion for leave to proceed in our court *in forma pauperis*. *Id.* at 21-23.

In this appeal, we are asked to issue Mr. Crownhart a certificate of appealability and to allow him to proceed *in forma pauperis*. We decline both requests.

Certificate of Appealability

A certificate of appealability is a jurisdictional requirement in this appeal. 28 U.S.C. §§ 2253(a), 2253(c)(2) (2006); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 336. The applicant meets this burden only if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or . . . the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citations omitted).

Mr. Crownhart has not met this burden, for he has not identified a constitutional violation or set forth facts that would suggest one. Accordingly, we deny his request for a certificate of appealability and dismiss the appeal. *See Loose v. Kogousek*, 471 F. App'x 834, 834-35 (10th Cir.), *cert. denied*, __ U.S. __,

133 S. Ct. 355 (2012) (denying a certificate of appealability to Mr. Crownhart because he failed to present an argument to challenge the district court's ruling).

<u>Leave to Proceed *in Forma Pauperis*</u>

We also deny Mr. Crownhart's motion for pauper status. The district court denied pauper status, certifying that any appeal would not be taken in good faith. R. at 22; *see* 28 U.S.C. § 1915(a)(3) (2006). This certification prevents pauper status unless we conclude that the appeal contains a nonfrivolous argument. *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

The appeal is frivolous, for Mr. Crownhart has not raised any discernible arguments on the merits. Instead, he simply states that he is seeking pauper status. Because this statement does not conceivably provide grounds to disturb the district court's judgment, the appeal is frivolous. Because the appeal is frivolous, we deny the motion for pauper status. Without this status, Mr. Crownhart is obligated to pay the filing fee.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3