FILED
United States Court of Appeals
Tenth Circuit

December 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARL J. CROWNHART,

        Petitioner – Appellant,

v.

BEVERLY FULTON; JAMES X.
QUINN; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

        Respondents – Appellees.

No. 13–1448
(D. Colorado)
(D.C. No. 1:13-CV-02739-BNB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Earl J. Crownhart, proceeding *pro se*, filed a 28 U.S.C. § 2254 action challenging his

current placement at the Grand Junction Regional Center, a Colorado state hospital. The

district court noted that Crownhart is enjoined by filing restrictions.[1] Citing facial

deficiencies in the petition and a failure to exhaust state court remedies, the court

dismissed Crownhart's action. It also denied his motion to proceed on appeal *in forma*

*pauperis* ("IFP"), concluding that any appeal taken would not be in good faith. On

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] *See Crownhart v. Suthers*, No. 13-cv-00959-LTB (D. Colo. June 14, 2013) (prohibiting Crownhart from filing future civil actions in the District of Colorado without representation by an attorney, unless he obtains leave of Court to proceed *pro se*); *see also Crownhart v. Suthers*, No. 13-1272, 2013 WL 4446229 *1 (10th Cir. August 21, 2013) (noting that Crownhart had filed eighteen habeas petitions and seventeen complaints since December 2005).

appeal, Crownhart asks this Court to issue a certificate of appealability and to allow him to proceed *in forma pauperis*. Exercising jurisdiction under § 1291, we decline those requests.

Certificate of Appealability

A certificate of appealability is a jurisdictional requirement that we issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, a petitioner must show "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and quotations omitted).

Crownhart fails to meet this burden. As the district court noted, Crownhart's challenge to his current confinement has already been addressed and dismissed for failure to exhaust state court remedies. *See Crownhart v. Suthers*, No. 12-cv-03053-LTB, 2013 WL 2237490 at *4 (D. Colo. May 21, 2013). Nothing in his present petition demonstrates that he has now exhausted his state court remedies or that the district court's resolution of his case was in error. Accordingly, we deny his request for a certificate of appealability.

Leave to Proceed *in Forma Pauperis*

Under 28 U.S.C. § 1915, any court of the United States may grant pauper status to "allow indigent persons to prosecute, defend or appeal suits without prepayment of costs." *Coppedge v. United States*, 369 U.S. 438, 441 (1962). Here, pursuant to 28 U.S.C. § 1915(a)(3), the district court certified that any appeal would not be taken in good faith and denied Crownhart's motion to proceed *in forma pauperis* on appeal. In light of that

action, we will only grant pauper status if we conclude that the appeal contains a non-frivolous argument. *See Rolland v. Primesource Staffing*, *L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Crownhart has not raised any discernible argument challenging the conclusion of the district court that this challenge to his current dentition was already addressed in *Crownhart v. Suthers*, No. 12-cv-03053-LTB, 2013 WL 2237490 (D. Colo. May 21, 2013). For this reason, we conclude Crownhart's appeal does not contain a non-frivolous argument, and we deny the motion for pauper status. Crownhart is therefore obligated to pay his filing fee in full.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge