**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARL J. CROWNHART,

        Plaintiff-Appellant,

v.

PENNY MAY and CHRISTIAN
MULLER,

        Defendants-Appellees.

No. 14-1090
(D.C. No. 1:13-CV-02947-LTB)
(D. of Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges. [**]

Earl Crownhart is subject to civil commitment at a facility in Grand

Junction, Colorado. Proceeding *pro se,* Crownhart asks us to review the district

court's decision dismissing his purported civil rights action without prejudice.

We exercise jurisdiction under 28 U.S.C. § 1291, AFFIRM the district court's

decision, and DISMISS the appeal.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

In October 2013, Crownhart filed a complaint pursuant to 42 U.S.C. § 1983 in federal district court, alleging that his constitutional rights were violated by a smoking ban instituted at the Grand Junction Regional Center, where he is currently housed under the terms of a civil commitment order. The magistrate judge directed Crownhart to cure certain deficiencies in his complaint within thirty days in order to proceed. In particular, the magistrate judge told Crownhart that he would need to properly file his complaint using court-approved forms for a nonprisoner seeking to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.

In response to the magistrate judge's order, Crownhart filed several documents with the district court. None of these documents, however, addressed the magistrate judge's order or reflected a genuine attempt to fix the deficiencies in his complaint. On this basis, the district court *sua sponte* dismissed the action under Federal Rule of Civil Procedure 41(b) without prejudice. The district court also denied Crownhart *in forma pauperis* status on appeal because any appeal could not be taken in good faith. Crownhart now appeals.[1]

---

[1] Although Crownhart did not officially file his notice of appeal until March 7, 2014, which would have been untimely, we construe a January 13, 2014 filing in this court, labeled "Proff [sic] of Service," as a misdirected notice of appeal under Federal Rule of Appellate Procedure 4(d).

## II. Analysis

Construing Crownhart's filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), we interpret his appeal as an objection to the district court's decision to dismiss his § 1983 complaint.[2] We review involuntary dismissals under Rule 41(b) for an abuse of discretion. *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). Upon consideration of the record, we find no abuse of discretion in the district court's decision to dismiss. Having chosen not to correct the deficiencies in his complaint as guided by the magistrate judge's specific instructions, Crownhart failed to comply with a court order, which warrants dismissal under Rule 41(b). *See Brown v. Beck*, 203 F. App'x 907, 909 (10th Cir. 2006).

Two other matters require attention. First, we must address the district court's denial of Crownhart's motion to proceed IFP on appeal. *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) ("[A] party who seeks *in forma pauperis* status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal *in forma pauperis* pursuant to the mechanism set forth in Rule 24(a)(5).").

_____

[2] Crownhart asked the district court to grant him a certificate of appealability (COA) on March 7, 2014. On appeal, he partially objects to the district court's minute order that denied this request as inappropriate. To appeal his civil rights claim, however, Crownhart did not need a COA. For this reason, we interpret his filings as an appeal of the district court's order dismissing his complaint.

-3-

To proceed IFP on appeal "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Crownhart cannot meet the second requirement, as his appeal fails to raise any grounds challenging the district court's decision dismissing his complaint. Accordingly, we direct Crownhart to remit the full amount of the appellate filing fee.

Second, despite the frivolity of his appeal, we note that we are not issuing a strike pursuant to the Prison Litigation Reform Act (PLRA) because Crownhart is no longer a "prisoner" under that statute. *See* 28 U.S.C. § 1915(h). Crownhart's "current detention is not part of the punishment for his criminal conviction but rather a civil commitment for non-punitive purposes." *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000); *see also Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009). Under such circumstances, the PLRA does not apply, and we therefore do not impose filing restrictions on Crownhart beyond those already in place. *See Crownhart v. Suthers*, No. 13-cv-00959-LTB (D. Colo. June 14, 2013) (restricting Crownhart's privilege to file civil actions *pro se* in the District of Colorado). With an eye toward the future, however, we emphasize that abusing the court system with gratuitous filings can result in sanctions and other

-4-

restrictions for *any* litigant, not just a prisoner. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).[3]

## III.  Conclusion

We AFFIRM the district court's decision and DISMISS Crownhart's appeal.  We also DENY Crownhart's request to proceed IFP on appeal and remind Crownhart that he is obligated to pay the filing fee for this appeal in full.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

---

[3]  This action is the latest in an ever-growing heap of federal-court filings by Crownhart.  As of August 2013, we noted that he had filed a combined thirty-five complaints and habeas petitions since December 2005.  *See Crownhart v. Suthers*, 531 F. App'x 906, 906 (10th Cir. 2013).