**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARL J. CROWNHART,

      Petitioner - Appellant,

v.

CHRISTIAN MULLER and JOHN
HICKENLOOPER,

      Respondents – Appellees.

No. 14-1281
(D.C. No. 1:14-CV-01927-LTB)
(D. Colorado)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY** and **McHUGH**, Circuit Judges.

Petitioner and appellant, Earl J. Crownhart, proceeding pro se, requests a

certificate of appealability (COA) to appeal the district court's denial of his petition for

habeas corpus relief filed pursuant to 28 U.S.C. § 2254. He also brings a renewed motion

for leave to proceed in forma pauperis on appeal. Having reviewed the record and the

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relevant law, we deny Mr. Crownhart's application for a COA and his motion to proceed in forma pauperis. We therefore dismiss this matter.

## I. BACKGROUND

Mr. Crownhart is currently subject to civil commitment at the Grand Junction Regional Center in Grand Junction, Colorado. *See Crownhart v. May*, 556 F. App'x. 758 (10th Cir. May 21, 2014). Based on his filing of numerous frivolous actions,[1] Mr. Crownhart has been permanently enjoined from filing any civil actions in the District of Colorado without representation by a Colorado-licensed attorney, unless he first obtains leave of court by a judicial officer to proceed pro se. *See Crownhart v. Suthers,* No. 13–cv–00959–LTB (D. Colo. June 14, 2013). Any pleadings that Mr. Crownhart files pro se and without leave of court will therefore be dismissed unless they comply with the standards set forth in Federal Rule of Civil Procedure 8.

In this action, Mr. Crownhart challenges his civil confinement at the Grand Junction Regional Center under 28 U.S.C. § 2254. Mr. Crownhart filed a habeas corpus petition in the district court, claiming that his confinement without parole or probation is unconstitutional. But Mr. Crownhart's petition provided no context or support for this claim. The district court dismissed his petition, explaining that Mr. Crownhart failed to include "a short and plain statement showing he is entitled to relief." *See* Fed. R. Civ. P.

---

[1]As we noted in a decision issued just three months ago, between December 2005 and August 2013, Mr. Crownhart filed a combined thirty-five complaints and habeas petitions. *Crownhart v. May*, 556 F. App'x. 758, 760 n.3 (10th Cir. May 21, 2014). We are aware of at least two additional actions, including the present appeal, that Mr. Crownhart has filed since August 2013.

8. The court also noted that, although Mr. Crownhart had identified the relevant state court case that resulted in his confinement, he failed to discuss whether he had exhausted his state court remedies.[2]

Mr. Crownhart also filed a motion to proceed in forma pauperis on appeal. Pursuant to 28 U.S.C. § 1915(a)(3), the district court determined that any appeal from its order would not be taken in good faith and therefore denied Mr. Crownhart's motion. Mr. Crownhart timely filed an application for a COA and a renewed motion to proceed in forma pauperis on appeal.

## II. DISCUSSION

### A. Certificate of Appealability

Prior to challenging a denial of habeas corpus relief, a petitioner must obtain a COA, which we will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, the applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

---

[2]Prior to filing this action, Mr. Crownhart filed a similar § 2254 petition, which the district court also dismissed for failure to exhaust state court remedies. *Crownhart v. Suthers*, No. 12-cv-03053-LTB, *3–5 (D. Colo. May 21, 2013). We dismissed Mr. Crownhart's appeal in that case as untimely. *Crownhart v. Suthers*, No. 14-1114 (10th Cir. Mar. 28, 2014).

Mr. Crownhart fails to meet this burden. As the district court noted, Mr. Crownhart's § 2254 petition did not comply with federal pleading standards because it failed to present a short and plain statement demonstrating that Mr. Crownhart is entitled to relief. On appeal, Mr. Crownhart does not acknowledge this basis for the denial of his habeas corpus petition. Instead, Mr. Crownhart baldly asserts that the district court's order violated his First Amendment rights. But he provides no context or legal support for this argument. Moreover, Mr. Crownhart fails to challenge the district court's conclusion that he has not demonstrated an exhaustion of his state court remedies. In sum, nothing in his present application for COA demonstrates that Mr. Crownhart was deprived of any constitutional rights or that the district court's denial of his habeas corpus petition was in error. We therefore deny Mr. Crownhart's request for a COA.

## B.  Leave to Proceed in Forma Pauperis

28 U.S.C. § 1915 permits any court of the United States to grant an indigent litigant pauper status so that the litigant may commence, prosecute, defend, or appeal any civil or criminal action "without payment of fees or security therefor." But § 1915 also provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Despite this limitation, we have held that "a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

To do so, however, the appellant must show not only "a financial inability to pay the required filing fees," but also "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

In this case, the district court determined that any appeal from its order would not be taken in good faith. Therefore, to prevail on his renewed motion to proceed in forma pauperis, Mr. Crownhart must demonstrate the existence of a nonfrivolous argument on appeal. Mr. Crownhart has not met this requirement. Because his appeal fails to raise any meritorious challenges to the district court's denial of his habeas corpus petition, we deny Mr. Crownhart's motion to proceed in forma pauperis. We therefore direct Mr. Crownhart to remit the full amount of the appellate filing fee. We also reiterate the warning we recently issued to Mr. Crownhart that "abusing the court system with gratuitous filings can result in sanctions and other restrictions for *any* litigant." *Crownhart*, 556 F. App'x. at 760.

### III.    CONCLUSION

Mr. Crownhart has not made a substantial showing that he has been denied a constitutional right, nor has he shown the existence of a nonfrivolous argument on appeal. Accordingly, we DENY his petition for a COA and his motion to proceed in forma pauperis and DISMISS the appeal.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge

-5-