**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES SUAREZ, JR.,

    Plaintiff - Appellant,

v.

JOHN PALOMINO, in his individual
and official capacities as former
investigator for Crowley County
Correctional Facility,

    Defendant - Appellant.

No. 14-1251
(D. of Colo.)
(D.C. No. 1:14-CV-01078-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

James Suarez, Jr., a Colorado state prisoner, appeals the district court's

dismissal of his *pro se* civil rights action brought under 42 U.S.C. § 1983.[1]  He

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1]  Because Suarez is proceeding *pro se*, we construe his filings liberally.
*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

also moves to proceed *in forma pauperis* on appeal. Having jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal, dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), deny the motion to proceed *in forma pauperis*, and assess two strikes against Suarez pursuant to 28 U.S.C. § 1915(g).

## I. Background

Suarez is a prisoner at the Crowley County Correctional Facility ("CCCF") in Olney, Colorado. According to Suarez, prison investigators questioned him regarding contraband being brought into the facility.[2] Suarez denied any involvement and stated that he would "be filing a complaint in the courts for being falsely accused and for [the] line of abusive questioning." Am. Compl. at 3. He subsequently requested a prisoner complaint form from the prison librarian. A few weeks later, the defendant, a CCCF investigator, had Suarez placed in segregation as part of the investigation where he remained for nine days.

Proceeding *pro se* and *in forma pauperis*, Suarez filed a § 1983 action against the defendant. The complaint asserted two claims: (1) a violation of the Fourteenth Amendment Due Process Clause because Suarez was placed in segregation without first receiving notice or a hearing; and (2) a violation of the First Amendment because he was placed in segregation in retaliation for

---

[2] The nature of the contraband is not entirely clear. Suarez alleged that investigators accused him of bringing "disc[s]" into CCCF. Am. Compl. at 3.

exercising his right of access to the courts.  The magistrate judge found the complaint deficient and ordered Suarez to file an amended complaint.  The amended complaint did not cure the deficiencies, however, and the district court dismissed it as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]  The district court further certified that any appeal would not be taken in good faith and denied Suarez *in forma pauperis* status on appeal.  Suarez proceeded to file a notice of appeal[4] and a renewed motion for leave to proceed *in forma pauperis*.

## II.  Discussion

Section 1915(e) instructs courts to dismiss the complaint or appeal of a party proceeding *in forma pauperis* "at any time if the court determines that . . .

---

[3]  At one point, the district court's order stated that the complaint was both legally frivolous and failed to state a claim upon which relief may be granted.  Because the order's final disposition stated that the complaint was dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), we focus only on the district court's finding of frivolousness.

[4]  The notice of appeal was docketed as filed more than thirty days after the district court's entry of judgment.  This court issued a jurisdictional show cause order requiring Suarez to provide proof in writing that his appeal was timely filed.  *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) ("The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction.").  Because Suarez is incarcerated, we apply the prison mailbox rule, which provides that "notice is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing."  Fed. R. App. P. 4(c)(1).  An inmate must use an institution's legal mail system, if such a system exists, to receive the benefit of the rule.  *See id.*  In response to the show cause order, Suarez submitted a copy of the prison's outgoing legal mail log.  The log establishes that Suarez deposited his notice of appeal before the last day for filing.  Therefore, the notice of appeal was timely filed and we have jurisdiction.

the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous "if it lacks an arguable basis either in law or in fact." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). We generally review a district court's dismissal for frivolousness for an abuse of discretion. *Id.* However, if the "determination turns on an issue of law, we review the determination *de novo*." *Id.* After reviewing the record and construing Suarez's pleadings liberally, we find that Suarez's amended complaint is frivolous for substantially the same reasons explained by the district court.

The due process claim fails because Suarez cannot establish that his segregation implicated a constitutionally protected liberty interest. "A protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)) (internal quotation marks omitted). We consider four non-dispositive factors to determine whether a prisoner's segregation imposes such a hardship: "whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate." *Estate of DiMarco v. Wyo. Dep't of Corrections*, 473 F.3d 1334, 1342 (10th Cir. 2007).

-4-

Applying these factors to the facts alleged, there is no basis from which we could find Suarez faced an atypical and significant hardship. Segregation pending an investigation into alleged criminal activity by an inmate can serve a legitimate penological interest. *See Jordan v. Fed. Bureau of Prisons*, 191 F. App'x 639, 653 & n.11 (10th Cir. 2006). Suarez argued that the defendant could have conducted his investigation into the contraband while Suarez remained in general population.[5] Our role in making this assessment, however, is not to second-guess or micro-manage the judgments of prison officials. *Rezaq*, 677 F.3d at 1014. Accordingly, we look only for a reasonable relationship between isolation and a penological interest. *Id.*

The remaining factors similarly cut against finding a liberty interest. Suarez labeled his segregation as "the most harsh condition of confinement," but the only specific deprivation in the complaint was the fact that he had no access to radio, television, or personal items. That hardly amounts to extreme conditions. Finally, there is no indication that the segregation increased the

---

[5] The complaint also alleged the investigation was completed at the time Suarez was segregated. Even if that were the case, applying the remaining factors makes clear that Suarez was not subject to an atypical and significant hardship. Moreover, "we are mindful [in making this assessment] that nondisciplinary administrative segregation 'is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'" *Rezaq*, 677 F.3d at 1012 (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 479–83 (1995)).

duration of Suarez's confinement or that the duration of his segregation was indeterminate. He was returned to general population after nine days.

Because there is no liberty interest, we need not reach Suarez's claim that he received inadequate process prior to his segregation. On appeal, Suarez presents no argument that could conceivably refute the district court's conclusion. He asserts only that prison officials must provide due process as a matter of course before segregating prisoners.

We can just as easily dispose of Suarez's First Amendment retaliation claim. Inmates are "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because [they] engage[] in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Therefore, to state a claim of retaliation, an inmate "must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990)).

The district court found, and we agree, that Suarez failed to allege specific facts showing the defendant was motivated by the fact that Suarez requested a prisoner complaint form from the prison librarian. The amended complaint asserted the prison librarian "must have informed" the defendant that Suarez had requested the complaint. Am. Compl. at 3. On appeal, Suarez does not address why this allegation is not, in the district court's words, "mere speculation." *See*

-6-

D. Ct. Op. at 7. He now argues the defendant was motivated by a personal antipathy towards him. Even if we were to consider arguments raised for the first time on appeal, we would still be left without any specific facts showing that the defendant retaliated against Suarez because he exercised his constitutional rights.

In sum, Suarez's amended complaint and his appeal are frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We therefore dismiss the appeal and assess two strikes against him. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."). We would caution Mr. Suarez that he is one strike away from being subject to the filing restrictions set forth in § 1915(g).

Finally, we must address Suarez's motion to proceed *in forma pauperis* on appeal. The district court certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from its order would not be taken in good faith. Suarez can overcome the district court's certification only if he can show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Crownhart v. Muller*, No. 14-1281, 2014 WL 4251610, at *2 (10th Cir. Aug. 29, 2014) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). For the reasons explained above, Suarez failed to do so. His motion is therefore denied.

## III. Conclusion

For the foregoing reasons, we AFFIRM the dismissal of Suarez's amended complaint. We DISMISS Suarez's appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and assess two strikes against him. Finally, we DENY Suarez's motion to proceed *in forma pauperis* on appeal. We remind Suarez of his obligation to pay the full appellate filing fee.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge