FILED
United States Court of Appeals
Tenth Circuit

January 12, 2021

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

EARL CROWNHART,

     Plaintiff - Appellant,

v.

T-MOBILE WIRELESS CUSTOMER
SERVICE,

     Defendant - Appellee.

No. 20-1393
(D.C. No. 1:20-CV-03046-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Pro se litigant[1] Earl Crownhart appeals the district court's dismissal of his

Complaint against T-Mobile Wireless, in which he alleges that its customer-service

representative at its Grand Junction store failed to give him a promised refund and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because he proceeds pro se, we liberally construe Crownhart's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). That said, we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

treated his wife rudely. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal, vacate and remand its imposition of additional filing restrictions, and deny Crownhart's motions to supplement the record and to proceed in forma pauperis.

## I.    BACKGROUND

Crownhart is no stranger to this court. Due to his "lengthy and abusive" history of repeated filings, in 2013 the U.S. District Court for the District of Colorado issued an order enjoining him from filing future pro se civil actions without first obtaining leave from the court. Appellant's App. at 15 (citation omitted). Under the court's order, a magistrate judge must first determine whether the filing is without merit, repetitive, frivolous, or contravenes Rule 8 of the Federal Rules of Civil Procedure. Order of Dismissal & Imposition of Sanctions at 2–3, *Crownhart v. Suthers*, No. 13-CV-00959-BNB (D. Colo. June 14, 2013), ECF No. 5. If the magistrate judge determines that his pleading falls into one of those categories, a district judge then determines whether the case should proceed. *Id.* at 3.

Despite this order, Crownhart has continued to file suits in district court and then appeal them to our court after their dismissal. In 2020 alone, Crownhart filed at least eight different lawsuits, most of which have been dismissed for failure to

comply with the 2013 order.[2] His litigiousness has spanned fifteen-plus years and totals well over fifty suits. *See Crownhart v. May*, 556 F. App'x 758, 760 n.3 (10th Cir. 2014) (unpublished) ("This action is the latest in an ever-growing heap of federal-court filings by Crownhart. As of August 2013, we noted that he had filed a combined thirty-five complaints and habeas petitions since December 2005." (citation omitted)).

Here, at least recognizing the 2013 order, Crownhart filed together with his Complaint a "Motion to File to Leave to File With Permission to File Without Representation of State Coun[sel]." Appellant's App. at 14. Nonetheless, the district court dismissed his claims without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, stating that "Plaintiff is not represented by counsel in this action and

---

[2] *See* Order of Dismissal, *Crownhart v. Buck*, No. 20-CV-03304-GPG (D. Colo. Nov. 6, 2020), ECF No. 5 (dismissed for failure to comply with court order); Order, *Crownhart v. Crownhart*, No. 20-CV-02215-LTB (10th Cir. Oct. 29, 2020), ECF No. 44 (voluntarily dismissed); *Crownhart v. T-Mobile Customer Serv.*, No. 20-CV-03046-GPG, 2020 WL 6305323 (D. Colo. Oct. 14, 2020) (dismissed for failure to comply with court order); *Crownhart v. McDonalds Corp.*, No. 20-CV-02614-GPG, 2020 WL 5423065 (D. Colo. Aug. 31, 2020) (same); *Crownhart v. Graham*, 809 F. App'x 553 (10th Cir. 2020) (unpublished) (affirming dismissal for failure to comply with court order); *Crownhart v. McIntyre Rentals*, 809 F. App'x 551 (10th Cir. 2020) (unpublished) (same); Order of Dismissal, *Crownhart v. STRIVE*, No. 20-CV-01499-GPG (D. Colo. May 28, 2020), ECF No. 4 (dismissed for failure to comply with court order); *Crownhart v. Mason*, 800 F. App'x 675 (10th Cir. 2020) (unpublished) (affirming dismissal for failure to comply with court order). Although these cases are not part of the formal record on appeal, we may "take judicial notice of [our] own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citation omitted).

3

the pleading he has submitted is without merit, repetitive, frivolous, or not in keeping with Fed. R. Civ. P. 8." *Id.* at 15 (citation omitted).

The district court also imposed further restrictions—referred to as supplemental filing restrictions—on Crownhart's ability to file new litigation. In addition to the 2013 requirements, the district court imposed three more: (1) Crownhart must file a motion with the clerk of court requesting leave to file a pro se action; (2) he must provide specific information in the motion, including a list of currently pending or previously filed lawsuits in the District of Colorado; a statement of the legal issues he plans to raise, including whether he has previously raised those issues in the District of Colorado; and a notarized affidavit stating his view that the legal arguments are not frivolous or made in bad faith and are warranted under existing law; and (3) he must attach the pleading he wishes to file in the pro se action.

## II.     DISCUSSION

### A.     Dismissal

We review for an abuse of discretion a district court's dismissal under Rule 41(b). *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (citations omitted). Rule 41(b) provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action." "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the . . . court's orders." *Olsen v.*

4

*Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citation omitted). And when the action is dismissed without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious*, 492 F.3d at 1162 (citations and footnote omitted).

We are satisfied that the district court acted within its discretion in dismissing Crownhart's action. The 2013 order requires that Crownhart's claims must not be frivolous. Order of Dismissal & Imposition of Sanctions at 2–3, *Suthers*, No. 13-CV-00959-BNB, ECF No. 5. Yet Crownhart fails to state any cognizable legal claim against T-Mobile. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (noting that a claim is frivolous when it is "clearly baseless" (citation omitted)).[3] Accordingly, the district court acted within its discretion by dismissing Crownhart's claims as frivolous and in violation of court orders.

## B.      Filing Restrictions

We also review the imposition of filing restrictions for an abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam); *see also id.* (noting that the district court's discretion in imposing restrictions on a plaintiff is "extremely broad"). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate

---

[3] Crownhart also motioned to "file supporting facts," which we construe as a motion to supplement the record. But "[w]e generally limit our review on appeal to the record that was before the district court when it made its decision." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) (citation omitted). Even still, he presents no new information to establish that the district court abused its discretion, so we deny his motion.

circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citations omitted). As mentioned, in 2013 the district court imposed filing restrictions on Crownhart that he has repeatedly failed to meet. And the district court imposed supplemental restrictions on Crownhart following his instant complaint against T-Mobile. Appellant's App. at 16.

Injunctions restricting future filings are appropriate when "the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.* (citing *Tripati*, 878 F.2d at 353–54). Here, the district court previously recounted Crownhart's lengthy filing history before imposing its initial restrictions. *See* Order to Show Cause at 2–4, *Suthers*, No. 13-CV-00959-BNB, ECF No. 4. And the district court set forth the additional steps Crownhart must take to file an action.

But as it relates to the third element, Crownhart did not receive an opportunity to contest the order. And in his brief, Crownhart argues that without this, the court violated his constitutional rights to be heard. Appellant's Opening Br. at 4 (arguing that the district court "denie[d] [his] right to be heard by the court"). Though we acknowledge that Crownhart's repeated failures to comply with court orders would support implementing additional restrictions, Crownhart nevertheless should have been afforded an opportunity to oppose the court's order before it was implemented. *See Tripati*, 878 F.2d at 354 ("[Plaintiff] is entitled to notice and an opportunity to oppose the court's order before it is instituted." (citations omitted)). And though the

6

district court need not provide an oral hearing, at a minimum, a written opportunity to respond is required. *See Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (citing *Tripati*, 878 F.2d at 354).

Accordingly, the district court abused its discretion in imposing the supplemental filing restrictions. *See U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 (10th Cir. 2004) ("Under the abuse of discretion standard, the decision of a trial court will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." (citation omitted)). Of course, the district court is free to impose the supplemental restrictions if, after receiving Crownhart's written objections to them, it is still satisfied the restrictions are warranted.

## III.   CONCLUSION

We therefore AFFIRM the district court's dismissal of the action, VACATE and REMAND its imposition of additional sanctions, and DENY Crownhart's

motions to supplement the record and to proceed in forma pauperis[4] on appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[4] The district court denied Crownhart's application to proceed in forma pauperis and certified that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3). This certification prevents Crownhart from obtaining in forma pauperis status on appeal unless we determine that his appeal contains a nonfrivolous argument. *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). We do not.