<u>**UNITED STATES COURT OF APPEALS**</u>
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J. Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                     Chief Deputy Clerk

September 25, 1996


**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER & JUDGMENT

**RE:** 96-1184 Amidei v. Cooper
     September 23, 1996 by The Honorable James E. Barrett


     Please be advised of the following correction to the captioned decision:

     Due to technical problems, the last line of page one reappears at the top of page two.

     Please make the appropriate corrections.

                              Very truly yours,

                              Patrick Fisher, Clerk



                              Beth Morris
                              Deputy Clerk

———

RONALD LEE AMIDEI,                    )
                                      )
    Plaintiff-Appellant,          )
                                      )
v.                                    )          No. 96-1184
                                      )     (D.C. No. 93-Z-1436)
THOMAS I. COOPER, FCF, Warden,        )     (Dist. of Colorado)
CAPTAIN GORDON ROETKER, FCF           )
Housing Supervisor, LT. RICHARD       )
DEGROOT, FCF Case Manager, DOREEN     )
TRUMAN, DOC Communications Officer,   )
all in their individual and          )
official capacities,                  )
                                      )
    Defendants-Appellees.         )

———

**ORDER AND JUDGMENT[*]**

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Ronald Lee Amidei (Amidei), appearing <u>pro</u> <u>se</u> and having been

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

granted leave to proceed in forma pauperis,[1] appeals the district court's Order of March 22, 1996, denying his March 6, 1996, Motion to Vacate the district court's January 31, 1996, Order dismissing his civil rights complaint for failure to prosecute.

Amidei is currently an inmate incarcerated in the custody of the Colorado Department of Corrections. On July 8, 1993, he filed a civil rights complaint pursuant to 42 U.S.C. § 1983, which was amended on August 9, 1993. On June 23, 1994, the Magistrate Judge recommended that Amidei's claims regarding his administrative segregation placement, his access to the Sexual Offender Treatment Program and educational opportunities, and interference with his grievance filing be dismissed as frivolous. In addition, the Magistrate Judge recommended that Amidei be granted leave to file an amended complaint, which complies with Fed. R. Civ. P. 8, regarding his claims of retaliation and interference with his legal mail and telephone calls.

On August 25, 1995, the district court adopted the Magistrate Judge's recommendations and ordered that Amidei file a second amended complaint on or before September 25, 1995. Upon motion, Amidei was subsequently granted until October 25, 1995, to file his

---

[1]    Amidei filed his notice of appeal on April 24, 1996; two days before the effective date of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), which significantly amends 28 U.S.C. § 1915, the in forma pauperis statute. Therefore, the new in forma pauperis requirements do not apply. See White v. Gregory, 87 F.3d 429 (10th Cir. 1996).

second amended complaint.

On December 6, 1995, the Magistrate Judge recommended that Amidei's complaint be dismissed for failure to prosecute since he had not filed a second amended complaint nor had he sought any further extensions of time. On January 31, 1996, the district court found that Amidei had failed to object to the Magistrate Judge's December 6, 1995, recommendation and ordered that Amidei's civil rights complaint be dismissed for failure to prosecute.

On March 6, 1996, Amidei filed a motion to vacate the district court's January 31, 1996, order based on excusable neglect pursuant to Fed. R. Civ. P. 60(b). On March 22, 1996, the district court denied Amidei's motion. On April 24, 1996, Amidei filed his notice of appeal.

On appeal, Amidei contends that the district court abused it discretion by dismissing his complaint for failure to prosecute and by denying his motion to vacate the dismissal.

We acquire jurisdiction over an appeal from a district court decision only upon the timely filing of a notice of appeal. See Smith v. Barry, 502 U.S. 244, 245 (1992); TBG, Inc. v. Bendis, 36 F.3d 916, 920 (10th Cir. 1994). Federal Rule of Appellate Procedure 4(a)(1) requires that a notice of appeal be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. The 30 day time period is mandatory and jurisdictional. Unless this requirement is

met, we have no jurisdiction to review a district court's order on the merits.

Because Amidei filed his notice of appeal more than 30 days after the district court's January 31, 1996, Order, we are without jurisdiction to review that order. However, Amidei's notice of appeal is timely with respect to the district court's order of March 22, 1996, which was entered on March 28, 1996, denying his Rule 60(b) motion to vacate the January 31, 1996, order. We review a district court's ruling on a Rule 60(b) motion under an abuse of discretion standard. See Dowell ex rel, Dowell v. Board of Educ. of Okla. City Pub. Schs. Indep. Dist. No. 89, 8 F.3d 1501, 1509 (10th Cir. 1993).

After a careful review of the record, we hold that the district court did not abuse its discretion and affirm substantially for the reasons set forth in the district court's Order of March 22, 1996.

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge

- 4 -