FILED
United States Court of Appeals
Tenth Circuit

October 20, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY B. WASHINGTON,

      Plaintiff - Appellant,

v.

JAMES HOWARD,

      Defendant - Appellee.

No. 14-7021
(D.C. No.6:13-CV-00257-FHS-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Anthony B. Washington is an Oklahoma state prisoner housed at the Joseph

Harp Correctional Center. James Howard was his doctor while Washington was

incarcerated at the Oklahoma State Penitentiary. Washington appeals the district

---

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's dismissal of this action for failure to prosecute. He asks this Court to remand his case to the district court to hear it on the merits.

A brief review of the procedural history is necessary to understand this case. Washington filed a complaint under 42 U.S.C. § 1983 against Howard for wanton negligence in prescribing Washington medication that he alleges Howard knew was dangerous. On June 14, 2013, he filed his complaint and Motion for Leave to Proceed *in forma pauperis*. That same day, the court granted his *in forma pauperis* motion. It also issued an order directing Washington to file an amended complaint within 14 days because the original complaint was "illegible." R. vol. 1 at 2. Washington filed an amended complaint on June 25, 2013.

But on July 1, 2013, the court received back the copy of the order granting Washington *in forma pauperis* status. It was marked "return to sender, refused, unable to forward." R. vol. 1 at 23. In response, the court directed Washington to show cause why his action should not be dismissed for failure to prosecute. The order warned Washington that failure to comply would result in dismissal of his action. Washington failed to respond, and the district court dismissed the case without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). On August 20, 2013, the district court entered Judgment.

Beginning in October 2013, Washington filed a series of motions in the district court, including two Motions for Default Judgment, a Motion to Reopen the Case, and two Motions for Summary Judgment. On March 19, 2014, the district court denied all of these motions. On March 28, 2014, Washington filed a Notice of Appeal from that order.

Before us, Washington alleges that the district court improperly dismissed his case for failure to prosecute because he claims he never refused his mail. He requests that this Court remand the case to the district court to be heard on the merits. He also requests leave to proceed *in forma pauperis* on this appeal.

"We acquire jurisdiction over an appeal from the district court only upon the timely filing of a notice of appeal.*" Amidei v. Cooper*, 97 F.3d 1464, *2 (10th Cir. 1996) (citing *Smith v. Barry*, 502 U.S. 244, 245 (1992)). A notice of appeal must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. Fed. R. of App. Proc. 4(a)(1). Washington filed his notice of appeal on March 28, 2014, more than seven months after the district court's order dismissing his case for failure to prosecute. Thus, we do not have jurisdiction to review that decision. However, his notice of appeal is timely regarding the order denying his later motions.

We review motions for summary judgment de novo. *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000). We review motions to reopen a case for

- 3 -

abuse of discretion. *Servants of Paraclete v. Docs*, 204 F.3d 1005, 1009 (10th Cir. 2000). Here, we hold that the district court acted properly in dismissing all of Washington's motions.

First, the district court properly denied summary judgment because it had already dismissed the case without prejudice months earlier. Second, the district court was correct to deny the motion to reopen the case because Washington never had provided any evidence showing he did not receive the show cause order warning him that his case would be dismissed. He merely provided conclusory statements that he never received it. *Cf. Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004) (holding that pro se asylum applicant failed to show he never received notice of hearing when he only provided conclusory statement and did not put it in proper affidavit form). He also never offered an explanation for waiting more than three months to ask the court to reopen his case. Therefore, we AFFIRM the district court's order denying all of Washington's requests.

Finally, we note that because the case was dismissed without prejudice, Washington is free to refile his case in district court. "[D]ismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint." *Florence v. Decker*, 153 F. App'x. 478, 480 (10th Cir. 2005). We acknowledge that Washington is concerned about being required to pay another filing fee in order to refile his complaint. However, it is

up to the district court whether or not he can refile under his original *in forma pauperis* motion. If not, he can submit the appropriate motion and affidavit for leave to proceed under 28 U.S.C. § 1915. *See, e.g.*, *Lemons v. K. C. Mo. Police*, 158 F. App'x. 159, 160 (10th Cir. 2005).

Washington also requests that this Court grant him leave to proceed with this appeal *in forma pauperis*.[1] Upon consideration, we deny his *in forma pauperis* motion.[2] The arguments in support of his claims are conclusory and he fails to explain why he waited so long to reopen his case. In sum, Washington's appeal is frivolous, bolstered by his own admission that the district court's ruling was correct. Therefore we DISMISS this case under § 1915(e)(2)(B)(i) (2012).

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] Washington filed a motion for *in forma pauperis* status with the district court on April 23, 2014. But the Magistrate Judge struck the motion on May 1, 2014, because he claimed the Tenth Circuit had already ruled on the assessment of fees. This Court had not. Thus, we must make a determination here on Washington's status.

[2] We note that the denial of his *in forma pauperis* request counts as a strike against his "three strikes" under the Prison Litigation Reform Act (PLRA). *See Jennings v. Natrona Cnty. Detention Ctr. Med. Facility*, 175 F.3d 775, 781 (10th Cir. 1999) (concluding that when a court dismisses the "prisoner's appeal of an action for which the district court entered judgment for defendant, the dismissal of the appeal counts as one strike.").